989 A.2d 279

IN THE MATTER OF DANIEL N. SHAPIRO,
AN ATTORNEY AT LAW.

February 25, 2010.

## ORDER

This matter have been duly presented to the Court pursuant to *Rule* 1:20–10(b), following a motion for discipline by consent of **DANIEL N. SHAPIRO** of **HACKENSACK,** who was admitted to the bar of this State in 1984;

And the District IIB Ethics Committee and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), and *RPC* 1.4(b) (failure to communicate) (*Brandeal*) (IIB–08–17E, DRB 09–005), and for his violations of *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate), and *RPC* 1.5(b) (failure to communicate in writing the basis or rate of fee to a client with whom the lawyer has not regularly represented) (*Paino*) (IIB–08–22E, DRB 09–006);

And the parties having agreed that respondent's conduct violated *RPC* 1.1(a), *RPC* 1.3, *RPC* 1.4(b) and *RPC* 1.5(b), and that said conduct warrants a reprimand and that respondent should comply with certain conditions;

And the Disciplinary Review Board having determined that a reprimand and compliance with certain conditions is the appropriate discipline for respondent's ethics violations and having granted the motion for discipline by consent in District Docket Nos. IIB–08–17E and IIB–08–22E;

And the Disciplinary Review Board having submitted the record of the proceedings to the Cleric of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **DANIEL N. SHAPIRO** of **HACKENSACK** is hereby reprimanded; and it is further

ORDERED that respondent shall enroll in and complete ten hours of courses in professional responsibility approved by the Office of Attorney Ethics on a schedule to be determined by the Office of Attorney Ethics; and it is further

ORDERED that respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics until such time as the supervising attorney and the Office of Attorney Ethics agree that supervision is no longer necessary and until the further Order of the Court; and it is further

ORDERED that respondent shall participate in a substance abuse evaluation and submit to such further evaluation or treatment required by the Office of Attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.